UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVE CRUMP,

        Plaintiff,

    v.

Sgt. Officer TREVELYON JONES, *et al.*,

        Defendants.

No. C-11-4533 EMC (pr)

**ORDER TO STAY PROCEEDINGS**

## I.   INTRODUCTION

Steve Crump, a pretrial detainee at the Santa Rita County Jail, filed this *pro se* civil rights action under 42 U.S.C. § 1983. Before the Court reviewed his complaint, Crump filed another complaint marked "updated!!" which the Court construes to be an amended complaint because it concerns mostly the same conduct as alleged in the original complaint. The amended complaint supersedes the complaint and is now before the Court for review under 28 U.S.C. § 1915A.

## II.   BACKGROUND

In a complaint filed in a separate action, Crump alleged that, on February 12, 2011, Oakland Police Department officer Trevelyon Jones "went to Cal State East Bay and requested and seized [Crump's] laptop computer, without his knowledge, from the university's campus police, while petitioner was in custody at Santa Rita County Jail." *Crump v. Jones*, No. 11-2679 EMC, Complaint at 3.

In his amended complaint in this action, Steve Crump alleges the following: On July 13, 2011, Crump learned that Oakland police officer Trevelyon Jones had communicated to Crump's

family that Crump's laptop computer was ready to be picked up and that Crump could come down to the police station to retrieve it. Crump went to the police station and called officer Jones, who said that he would bring the computer to Crump in the lobby. Officer Jones met Crump in the lobby, and then escorted him back to the homicide department of the police station where officer Jones had Crump arrested. Crump was transported to Santa Rita County Jail and charged with two counts of making terrorist threats and one count of identity theft. These crimes were alleged to have occurred on or about February 4, 2011. Crump indicates that he was in custody after that date on a domestic violence charge and was released from custody on March 18, 2011.[1] When he was released from custody, "there were *no* other charges pending and *no* other warrants out for his arrest relevant to the current charges plaintiff is facing now." Amended Complaint (Docket # 5) at 4. Crump alleges that the arrest and prosecution of him amounted to "entrapment of retaliation," that was done because Crump previously filed a civil complaint against officer Jones for taking his computer. *Id.* at 3. In his prayer for relief, Crump requests that the criminal charges against him be dismissed, that he be released from custody, and that he be awarded money damages.

### III.   DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at §1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was

---

[1] Although he does not allege the date of his arrest in his amended complaint, in his original complaint, he alleged that he was in custody from February 10, 2011 until March 18, 2011 on the domestic violence charge. *See* Complaint (Docket # 1) at 7.

2

committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The allegations of an improper failure to arrest are not actionable. Crump appears to claim that the Oakland Police Department and officer Jones should have arrested him in February 2011 on the charges of making terrorist threats and identity theft at the time they arrested him on the domestic violence charge because the former crimes (*i.e.*, making terrorist threats and identity theft) allegedly occurred before his arrest on the domestic violence charge. This claim is dismissed because there simply is no constitutional right to be arrested. *See Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000) (quoting *Hoffa v. United States*, 385 U.S. 293, 310 (1966)) (plaintiffs failed to state a constitutional violation against police officers for failing to arrest plaintiffs, despite the officers' probable cause and ability to do so, prior to the plaintiffs committing a crime).

The claims for damages for false arrest and malicious prosecution cannot go forward at this time because they would implicate the validity of the criminal proceedings now pending. The case of *Heck v. Humphrey*, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction unless that conviction already has been determined to be wrongful. *See id.* at 486-87. A conviction may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. *See id.* The *Heck* rule also prevents a person from bringing an action that – even if it does not directly challenge the conviction – would imply that the conviction was invalid. The practical importance of this rule is that a plaintiff cannot attack his conviction *in* a civil rights action for damages; the conviction must have been successfully attacked *before* the civil rights action for damages is filed. Until a few years ago, *Heck*-type claims by pretrial detainees were routinely dismissed as having not yet accrued. However, the Supreme Court announced in *Wallace v. Kato*, 127 S. Ct. 1091, 1098 (2007), that the *Heck* rule bars an action only if there is an existing conviction. *Heck* does not encompass the principle that "an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside." *Wallace*, 127 S. Ct. at 1098 (emphasis in original). Nonetheless, the claim should not go forward if the Plaintiff's criminal proceedings are still pending; rather, the Court can "stay the civil action until

the criminal case or the likelihood of a criminal case is ended." *See id.* Here, the false arrest and malicious prosecution claims relate to rulings that have been or likely will be made in his pending criminal case. These claims should not go forward because the Plaintiff's criminal proceedings are still pending; rather, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *See id.* Accordingly, the Court will stay further proceedings in this matter until Plaintiff's criminal proceedings have concluded.

Crump's requests for injunctive relief are dismissed because of the pendency of the state criminal case. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). The rationale of *Younger* also applies throughout appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. *See Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994) (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending). Federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." *Younger*, 401 U.S. at 46, 53-54 (cost, anxiety and inconvenience of criminal defense not kind of special circumstances or irreparable harm that would justify federal court intervention). Nothing in the amended complaint suggests there are extraordinary circumstances requiring this Court's interference in state court criminal proceedings.

## IV.   CONCLUSION

For the foregoing reasons, the failure-to-arrest claim and the request for injunctive relief are dismissed and the damages claims cannot be adjudicated until the criminal charges pending against Crump are resolved. This action is **STAYED**. If the charges are resolved by way of conviction, dismissal, acquittal, or otherwise and Crump wishes to proceed with his claims, within **thirty (30)** days of the date the criminal proceedings against him have concluded he must file a motion asking the Court to lift the stay. If the stay is lifted and the Court finds Crump's claims would impugn the

validity of any conviction, the action will be dismissed under *Heck*; if no such finding is made, the action will proceed at that time, absent some other bar to suit.  *See Wallace*, 549 U.S. at 394.  In light of the stay, **PLAINTIFF** should not file any more documents in this action until the state court proceedings have concluded.

The Clerk shall **ADMINISTRATIVELY CLOSE** the case.

IT IS SO ORDERED.

Dated:  October 6, 2011

_____
EDWARD M. CHEN
United States District Judge